UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81589-ROSENBERG

EYVAR FARDY ARENAS,

    Plaintiff,

v.

DIRECTOR OF U.S.
CITIZENSHIP &
IMMIGRATION SERVICES,
et al.,

    Defendants.
_____/

**ORDER GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING THE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the parties' cross-motions for summary judgment at docket entries 30 and 31. The parties filed cross-responses to each motion for summary judgment. For the reasons set forth below, the Defendants' motion is granted and the Plaintiff's motion is denied.

Background

This is a case about seeking a visa to reside in the United States. More specifically, the Plaintiff previously sought an "extraordinary ability" visa, and the Defendants denied his request. DE 30-1 at 2.[1] The bar to obtain an extraordinary ability visa is high. Such a visa is for those with "extraordinary ability in the sciences, art, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation." Immigration Act of 1990, Pub. L. No.

---

[1] The background facts referenced (and the Court's decision is based on) facts that are not in dispute; the vast majority of the facts in this case are undisputed.

101-649, 104 Stat. 4978, 4987-988 (Nov. 29, 1990) (amending 8 U.S.C. § 1153). By way of example, an extraordinary ability visa may be granted to one who has obtained a gold medal at the Olympics or who has received a Nobel Prize. *Amin v. Mayorkas*, 24 F.4th 383, 387 (5th Cir. 2022). For this reason, the visa is colloquially known as an "Einstein" visa. *Id.*

The Plaintiff's Evidentiary Burden

Because not everyone can be expected to obtain a Nobel Prize, there are ten regulatory criteria that may qualify an applicant for an Einstein visa. If an applicant meets at least three of the following criteria, the applicant may qualify for the visa:

(i) Documentation of the petitioner's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

(ii) Documentation of the petitioner's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;

(iii) Published material about the petitioner in professional or major trade publications or other major media, relating to the petitioner's work;

(iv) Evidence of the petitioner's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;

(v) Evidence of the petitioner's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;

(vi) Evidence of the petitioner's authorship of scholarly articles in the field, in professional or major trade publications or other major media;

(vii) Evidence of the display of the petitioner's work in the field at artistic exhibitions or showcases;

(viii) Evidence that the petitioner has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;

2

    (ix)    Evidence that the petitioner has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or

    (x)    Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

8 C.F.R. § 204.5(h)(3). To apply these regulatory criteria to an applicant, the Defendants follow a two-step process. *See Kazarian v. USCIS*, 596 F.3d 1115, 1119-22 (9th Cir. 2010).

First, the Defendants determine whether the applicant (here, the Plaintiff) has shown, by a preponderance of the evidence, that he has a one-time achievement (such as a Nobel Prize) or has satisfied three of the ten criteria outlined above. *Amin*, 24 F.4th at 388. Second, if the applicant satisfies the first step, the Defendants conduct a final merits determination to decide whether, given the totality of the evidence, the applicant:

> Is one of that small percentage who have risen to the top of their field of endeavor; and
>
> Has sustained national or international acclaim and that the petitioner's achievements have been recognized in their field of expertise.

8 C.F.R. § 204.5(h)(2) & (3).

<u>The Legal Standard for the Plaintiff to Prevail in this Court</u>

Using the analysis outlined above, the Defendants denied the Plaintiff's request for an Einstein visa. The Plaintiff has filed this case on the premise that the Defendants' decision was wrong, but it is ultimately irrelevant whether this Court (which is not trained to analyze immigration visa petitions) agrees or disagrees with the Defendants' decision. For this Court to grant the Plaintiff relief, the Court must be persuaded that the Defendants' decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. §

3

706(2)(A).  The Court therefore turns to a summary of the Plaintiff's evidence in support of his Einstein visa application.

### The Plaintiff's Evidence in Support of an Einstein Visa Application

The Plaintiff is a Colombian actor, and in his initial application the Plaintiff contended that he met six of the ten regulatory criteria: (1) he had displayed his work at artistic exhibitions, (2) he had participated as a judge of others in his field, (3) he commanded a high salary, (4) he belonged to association that required outstanding achievement, (5) he had appeared in major media, and (6) he had performed in a leading role for organizations of distinguished reputation. DE 33-1 at 70.  In response, the Defendants concluded that the Plaintiff had provided evidence that he satisfied one of the ten criteria (he had appeared in major media) but that the evidence in support of the other criteria was lacking. DE 33-3 at 50-55.  As a demonstrative example of why the Defendants concluded that the Plaintiff's evidence was insufficient:

> The Petitioner submitted a testimonial letter stating that he is a member of Asociacion Colombiana de Actores "ACA") (Colombian Actors Association) and detailing the requisites for membership. Additionally, the Petitioner submitted articles from www.ail.ens.org, www.las2orillas.co, and www.eltiempo.com to show the association's national significance in Colombia's acting industry and that the Petitioner's entry into the association was judged by an expert in the field. However, this is insufficient <u>because the evidence does not include objective documentary evidence of the Petitioner's membership credentials</u>. Moreover, the Petitioner <u>failed to submit the association's constitution or bylaws, which discuss the criteria for membership for the beneficiary's level of membership in the association and the qualifications required of the reviewers on the review panel of the association</u>.

*Id.* at 50 (emphasis added).  Thus, the Defendants required objective evidence that would show that the Plaintiff's membership in various organizations was sufficient for the Einstein visa criteria. The Defendants invited the Plaintiff to provide additional evidence, and the Plaintiff did so.  Upon

4

receipt of the additional evidence, the Defendants issued the first denial of the Plaintiff's application.

In denying the Plaintiff's application, the Defendants concluded that the Plaintiff had shown only two of the ten criteria for an Einstein visa: that the Plaintiff had appeared in published media and that the Plaintiff had acted as a judge of the work of others in his field. DE 33-1 at 20-22. As an additional demonstrative example of why the Defendants concluded the Plaintiff's evidence was insufficient for other criteria, although the Defendants had requested objective evidence about the Plaintiff's membership in reputable organizations, the Plaintiff had not provided the objective evidence. *Id.* at 21-22.

In response to the Defendants' denial, the Plaintiff initiated this lawsuit. Not long thereafter, the Defendants re-opened the Plaintiff's application, assigned the Plaintiff's application to another employee, and again requested additional evidence from the Plaintiff. The Plaintiff submitted additional evidence, and upon review of that evidence the Defendants concluded that the Plaintiff had satisfied three of the ten Einstein visa criteria. DE 33-5 at 4. As three satisfactory criteria was the necessary threshold for the Plaintiff to proceed to the second and final step of the Defendants' analysis, the Defendants proceeded to a final merits determination.

The Defendants concluded that the Plaintiff had insufficient evidence for the proposition that he was "one of the small percentage [of people] who ha[d] risen to the top of their field of endeavor." *Id.* at 5. The Defendants further explained:

> The record as a whole, including the evidence discussed above, does not establish the petitioner's eligibility for the benefit sought. The petitioner seeks a highly restrictive visa classification, intended for individuals already at the top of their respective fields, rather than those progressing toward the top. USCIS has long held that even athletes performing at the major league level do not automatically meet the statutory standards for classification as an individual of "extraordinary ability." Here, the petitioner has not shown that the significance of his academic, scholarly,

5

> research, and professional accomplishments is indicative of the required sustained national or international acclaim or that it is consistent with a "career of acclaimed work in the field" as contemplated by Congress.

*Id.* (citations omitted). The Defendants invited the Plaintiff to provide additional evidence, and the Plaintiff did so.

Upon review of the Plaintiff's additional evidence, the Defendants again denied the Plaintiff's application. In the Defendants' own words:

> USCIS observed that the letters Mr. Arenas submitted described his acting work "without explaining how his work in the theater, cinema and television amounted to original work" and that letters, "though not without weight," cannot serve as "the cornerstone of a successful extraordinary ability claim." USCIS further found that the letters did "not explain how he purportedly was able to achieve sustained national or international acclaim for his original contributions." USCIS stated that, while the evidence "demonstrate[d] that [his] work as an actor is valuable to society," the record did not "reflect that the acting community has recognized the value of his work to such an extent as to demonstrate that he has achieved sustained national or international acclaim, or that he has reached the top of his field." USCIS concluded that "[t]he record as a whole"—"including the evidence discussed above"—did "not establish [Mr. Arenas's] eligibility for the benefit sought," i.e., "a highly restrictive visa classification."

DE 30 at 13 (citations omitted). After the Defendants' second denial, the Plaintiff amended his complaint in this case to allege that the Defendants' second denial was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

Analysis of the Plaintiff's Claim and the Defendants' Motion for Summary Judgment

The Plaintiff, in essence, asks this Court to reach a different conclusion than the Defendants, contending that if the Defendants had done a better job the Defendants would have concluded that the Plaintiff satisfied the final merits determination analysis. In the Plaintiff's own words: "When comparing the evidence on the record with the Agency's decision, it is apparent that Mr. Arenas met the preponderance of the evidence standard showing at least a 50.01%

6

probability that he qualifies for the EB-1A visa." DE 35 at 15. That is not the standard for this Court's review.

Instead, the applicable standard is highly deferential to the Defendants' decision. An agency's decision is arbitrary and capricious if the agency relied on factors which Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *See Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). This standard "provides the reviewing court with very limited discretion to reverse an agency decision." *Brinklys v. DHS*, 702 F. App'x 856, 860 (11th Cir. 2017).

The Court's task is merely to ask whether the agency considered the relevant facts and articulated a satisfactory explanation for its decision. *Dep't of Com. v. N.Y.*, 588 U.S. 752, 773 (2019). Indeed, a court's role is "not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *P.E.A.C.H. v. U.S. Army*, 87 F.3d 1242, 1246 (11th Cir. 1996). A court may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285-86 (1974).

This Court has reviewed the record. The Plaintiff certainly had notable evidence in support of his visa application, and the Plaintiff has also successfully pointed out certain incorrect statements by the Defendants in the record.[2] But the Plaintiff aspired to meet a very high standard—an "extraordinary" standard. The Defendants' denial adequately analyzed the

---

[2] For example, the Defendants concede that they looked at an incorrect entry in the IMDB acting database. DE 30 at 12.

Plaintiff's evidence, and the Defendants gave a reasoned, valid explanation for why the Plaintiff's evidence was insufficient for an Einstein visa. In short, the Defendants' denial was simply not arbitrary and capricious. Stated differently, the Plaintiff's evidence of "sustained national or international acclaim" is not so overwhelming, nor so incredibly great, that the Court can conclude the Defendants' decision was unlawful.

<u>Final Ruling</u>

It is therefore **ORDERED AND ADJUDGED** that the Defendants' Motion for Summary Judgment is **GRANTED** and the Plaintiff's Cross-Motion for Summary Judgment is **DENIED**. All other pending motions are **DENIED AS MOOT** and the Clerk of the Court shall **CLOSE THIS CASE**. The Defendants shall submit a proposed final judgment in Microsoft Word format to rosenberg@flsd.uscourts.gov within three days of the date of rendition of this Order.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of September, 2024.

_____
UNITED STATES DISTRICT JUDGE
ROBIN L. ROSENBERG